# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **PHILIP PEARLMAN,** <br><br> Plaintiff, <br><br> vs. <br><br> **NAVIENT SOLUTIONS, LLC,** a foreign limited liability company, <br><br> Defendant(s). | Case No. <br><br> **COMPLAINT** <br><br> (Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., Invasion of Privacy) <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.

Defendant, Navient Solutions, LLC, ("Navient"), harassed Plaintiff, Philip Pearlman, ("Plaintiff") with collection robocalls, when Navient had no right to make these automated calls to Plaintiff's cellular telephone, and despite the fact that Plaintiff instructed Defendant to stop calling.

2.

On information and belief, Defendant persistently utilized an automatic telephone dialing

Page 1   COMPLAINT

system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights afforded under state and federal law.

3.

The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago*, 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown*, 447 U.S. 455, 471 (1980).

4.

Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompanies these repeated robocalls, but also these robocalls caused diminished battery life, wasted Plaintiff's time, and interfered with his ability to otherwise make and receive calls on his cellular telephone.

**JURISDICTION AND THE PARTIES**

5.

This Court has jurisdiction under 28 U.S.C. § 1331, 47 U.S.C. § 227, and 28 U.S.C. § 1367 for pendent state law claims.

6.

This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* and for its perpetual invasions of Defendant's privacy in violation of Washington common law.

7.

Venue is proper in the Western District of Washington, Tacoma Division, pursuant to 28

Page 2     COMPLAINT

U.S.C. § 1391(c)(1) in that Plaintiff Philip Pearlman resides in Enumclaw, Washington, and Defendant does sufficient business in this District to subject them to personal jurisdiction herein pursuant to 28 U.S.C. § 1391(b)(2). Venue is also proper because a substantial part of the events giving rise to the claims occurred in this District. 28 U.S.C. § 1391(b)(2).

8.

Plaintiff Philip Pearlman is a natural person who resides in the City of Enumclaw, King County, Washington State.

9.

Plaintiff has suffered a concrete injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

10.

Defendant Navient Solutions, LLC is a foreign limited liability company doing business in the State of Washington.

11.

Navient principally engages in the management and servicing of student loans.

**FACTUAL ALLEGATIONS**

12.

In 2005 and 2006, Plaintiff cosigned on a series of private student loans ("Loans") for his son, Joshua Pearlman's ("Joshua") college education.

13.

In mid-2017 Plaintiff and his son Joshua began having trouble keeping up with the regularly scheduled payments on the loans and eventually defaulted on the loans.

Page 3     COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

14.

Navient, began servicing the loans at an unknown date prior to Plaintiff's default.

15.

Upon falling behind on the regularly scheduled payments, Navient began relentlessly calling Plaintiff's cellular telephone in an attempt to collect the past due payments.

16.

The calls were so relentless, disturbing, frustrating, intrusive, and annoying, that on March 2, 2018, Plaintiff answered a call from Navient and requested that the calls stop and that moving forward, only to communicate with him in writing.

17.

That same day, Plaintiff delivered the same request and instructions via faxed letter to Navient. Plaintiff provided Navient with his address and an email address, which Navient already had, as permissible methods to contact him.

18.

Despite Plaintiff's clear and unequivocal requests that the calls stop, and Plaintiff having provided Navient with his residential address and email address as a means to communicate with him, Navient's relentless and willful calls to Plaintiff's cell phone continued.

19.

On March 12, 2019, Navient's debt collection attempts became so brazen that a collection agent by the name of Alex called Plaintiff's mother in law and informed her about the debt and that the agent was in a position to help Plaintiff out of the situation.

20.

On March 13, 2019, Plaintiff, frustrated, embarrassed, humiliated, and stressed out about

Page 4    COMPLAINT

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

Navient's relentless calls and their recent call to his mother in law, faxed a letter to Navient once again instructing Navient to stop calling not only him but his relatives as well.

21.

Navient yet again ignored Plaintiff's request, and the relentless repetitive calls to his cell phone continued throughout late 2018.

22.

Navient's calls to Plaintiff's relatives continued as well. Navient's collection agent, Cynthia Howard, called Plaintiff's son Aaron, who has no obligation whatsoever to the debt, and left a voicemail identifying herself and Navient and requested that Aaron have his father return her call.

23.

The voicemail Navient left on Plaintiff's son Aaron's answering service requesting that he deliver a debt collection message on their behalf, left Plaintiff feeling frustrated, embarrassed, and humiliated.

*Telephone Consumer Protection Act*

24.

In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

25.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

Page 5     COMPLAINT

26.

The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

27.

On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

28.

The FCC also resolved the question of whether consent may be revoked in a Declaratory Ruling and Order released on July 10, 2015, wherein it determined that "[c]onsumers have the right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15–72, 30 F.C.C.R. 7961 (July 10, 2015).

29.

The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

30.

An "automatic telephone dialing system" means "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

Page 6    COMPLAINT

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

(B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A), (B).

31.

At all times relevant to this complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

32.

At all times relevant to this complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with the telephone number (253) 380-8394 that is assigned to a service for which Plaintiff is charged for calls.

33.

At all times relevant to this Complaint, Defendant knowingly used, controlled, and/or operated an "automatic telephone dialing system" as defined by the TCPA at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Illegal Auto-Dialed Collection Calls*

34.

Within four years immediately preceding the filing of this lawsuit, Defendant and its agents used an automatic telephone dialing system numerous times to call Plaintiff's cellular telephone number (253) 380-8394 ("8394" or "cellular telephone") in an effort to collect a debt from Plaintiff.

35.

From at least approximately March 2018 through late 2018, Defendant and the collectors employed by Defendant repeatedly and willfully called Plaintiff using an automatic telephone dialing system on his cellular telephone in an effort to collect a debt.

36.

Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cell

Page 7    COMPLAINT

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

phone by the use of an automatic telephone dialing system or a prerecorded or artificial voice.

37.

Plaintiff also repeatedly revoked any consent he may have given to Defendant to call his cell phone by repeatedly instructing Defendant to stop calling him.

38.

Defendant ignored Plaintiff's multiple revocation requests, however, and continued to call Plaintiff's telephone number with its automatic telephone dialing system.

39.

Defendant knew, or should have known, that it did not have Plaintiff's consent to use an automatic telephone dialing system to call Plaintiff's cell phone, especially after Plaintiff's multiple requests for Defendant to stop calling him, yet it continued to harass Plaintiff with robocalls.

40.

Defendant made these unwanted automated phone calls to Plaintiff's cell phone number in violation of the TCPA.

41.

These automated calls from Defendant to Plaintiff were made to Plaintiff's personal telephone, and therefore Plaintiff has suffered particularized concrete injuries because his cell phone was unavailable for legitimate use during the unwanted calls and the calls harassed and annoyed him.

42.

Defendant's repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

43.

None of the telephone calls that Defendant placed to Plaintiff were for "emergency purposes"

Page 8    COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

as specified in 47 U.S.C. §227(b)(1)(A).

44.

Defendant willfully or knowingly violated the TCPA by continuing to call Plaintiff's cell phone after being told to stop because Defendant had no basis to believe that they had Plaintiff's prior express consent to make automated calls or to send artificial and prerecorded messages to Plaintiff's cell phone.

45.

The FCC has issued an order that states:

The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call. *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted.)

46.

The repeated autodialed collection calls of Defendant and its agents to Plaintiff's cell phone also unreasonably invaded Plaintiff's right to privacy in his home, in violation of Washington law.

47.

It was highly offensive for Defendant to continue calling Plaintiff on his cell phone, multiple times a day, after he had repeatedly instructed them to stop.

48.

Upon good faith information and belief, Plaintiff alleges that Defendant used an automated telephone dialing system to call his cellular telephone in violation of the TCPA, because, when answered, the calls involved clicks, pause, and delays before speaking with a live employee of

Page 9     COMPLAINT

Defendant.

49.

On some occasions, Defendant also delivered to Plaintiff prerecorded synthesized messages automatically to his cellular telephone's voicemail system.

50.

Defendant has been sued numerous times in the past for their use of automated telephone dialing equipment to place calls to customers' cellular telephones.

*Summary*

51.

All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

52.

Defendant's persistent autodialed calls eliminated Plaintiff's right to be left alone.

53.

Defendant's relentless autodialed collection calls disrupted Plaintiff's privacy, and caused Plaintiff significant discomfort, concern, fear, anxiety, and stress.

54.

These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cell phone.

55.

By persistently autodialing Plaintiff's cell phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer

Page 10    COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

concrete and particularized harm.

## CLAIMS FOR RELIEF

### Claim One

### Telephone Consumer Protection Act

56.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.

Within the four-year period immediately preceding this action, Navient made numerous calls to Plaintiff's cell phone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200 (a)(1)(iii).

58.

The acts and/or omissions of Navient at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

59.

As a causally direct and legally proximate result of the above violations of the TCPA, Navient, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages.

60.

Navient did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cell phone.

61.

Page 11    COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

Navient made these calls to Plaintiff's cell phone willfully and after Plaintiff explicitly instructed Navient to stop.

62.

Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per automated phone call made to Plaintiff by Navient.

63.

Navient willfully and knowingly violated the TCPA and, as such, Plaintiff is entitled to $1,500.00 per automated phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

64.

Plaintiff is also entitled to injunctive relief prohibiting Navient from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

**Claim Two**

**Invasion of Privacy by Intrusion Upon Seclusion**

65.

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

66.

Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

67.

Page 12     COMPLAINT

Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

68.

The Court of Appeals for the 8th Circuit has held that violations of the TCPA were violations of a consumer's right to privacy:

> We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are "'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase[].

*Owners Ins. Co. v. European Auto Works, Inc*., 695 F.3d 814 (8th Cir. 2012) (citing *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc*., 401 F.3d 876, 881 (8th Cir. 2005)).

69.

Washington has also recognized the right of privacy.

70.

Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

71.

Navient and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling

Page 13    COMPLAINT

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

Plaintiff's cellular telephone, and by continuing to call Plaintiff after he repeatedly instructed them to stop.

72.

The conduct of Navient and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

73.

As a result of such intrusions and invasions of privacy, Plaintiff is entitled to equitable relief to prevent further invasions, compensatory damages, reasonable attorney's fees and punitive damages from Navient in an amount to be determined at trial.

**JURY TRIAL DEMAND**

Plaintiff is entitled to and so respectfully demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Philip Pearlman prays for a judgment as follows:

**1. On Plaintiff's First Claim for Relief for Violations of the Telephone Consumer Protection Act:**

A. for an award of $500.00 in statutory damages, for each and every one of Navient's negligent violations of 47 U.S.C. § 227, *et seq.,* pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Navient and for Plaintiff;

B. for an award of $1,500.00 in treble damages, for each and every one of Navient's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Navient and for Plaintiff;

C. for an injunction prohibiting Navient from contacting the Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

Page 14   COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

**2. On Plaintiff's Second Claim for Relief for Invasion of Privacy by Intrusion Upon Seclusion:**

  D. for an award of actual and compensatory damages from Navient pursuant to Washington law for its invasion of Plaintiff's privacy in an amount to be determined at trial;

DATED this 25th day of March, 2019.

          **RESPECTFULLY SUBMITTED,**

         s/ Justin Baxter
         **Justin Baxter, WSBA ID 39182**
         justin@baxterlaw.com
         Baxter & Baxter LLP
         8835 SW Canyon Ln Ste 130
         Portland, Oregon 97225
         Phone (503) 297-9031

         **Roberto Robledo, CA SBN 260041**
         **Subject to Admission Pro Hac Vice**
         roberto@robertorobledo.com
         Law Offices of Roberto Robledo
         9845 Erma Road, Suite 300
         San Diego, California 92131
         Phone (619) 500-6683

         Attorneys for Plaintiff Philip Pearlman

Page 15  COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)